IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RICHARD ROBERT HUGHES,** | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. JKB-23-1993 |
| **M&T BANK, et al.,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Richard Robert Hughes, proceeding pro se, sued the South Cumberland branch of M&T Bank and various of its employees for intentional infliction of emotional distress ("IIED"). (*See generally* ECF No. 53 at 1–8.) In its Memorandum and Order of December 17, 2024, the Court entered summary judgment for Defendants and closed the case. (*Id.*; ECF No. 54.)

Now pending before the Court is Hughes's Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment. (ECF No. 56.) The Motion will be denied.

Federal Rules of Civil Procedure 59(e) and 60(b) allow a litigant to seek a district court's reconsideration of a final order. *See, e.g., Amer. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). But the standards for reconsideration are "strict." *See id.* Under Rule 59(e), a court may amend an earlier judgment only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citations omitted). And under Rule 60(b), a court may grant relief from an earlier judgment only for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason

that justifies relief." *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015).

Although Hughes does not state under which Rule he brings his Motion, under either, he is not entitled to reconsideration.

In his Motion, Hughes argues the Court "made errors in its legal analysis" and "overlooked key evidence that creates a genuine issue of material fact." (*See* ECF No. 56 at 1.)

The first argument is unpersuasive, as Hughes has produced no legal authority to support it, much less any authority that plausibly casts doubt on the Court's prior legal analysis.

The second argument is also unavailing. The Court's entry of summary judgment turned on Hughes's failure to marshal facts from which a reasonable factfinder could conclude Defendants had acted in an "extreme and outrageous" manner—an essential element of an IIED claim under Maryland law. (*See* ECF No. 53 at 15.) In so holding, the Court relied on facts drawn almost exclusively from Hughes's own pleadings and testimony. (*See id.* at 1–7.) The instant Motion does not supplement those facts with new ones; rather, it resurfaces old facts Hughes believes did not factor appropriately into the Court's analysis. For instance, he objects repeatedly to Defendants' suspicion that he visited the bank to withdraw money for himself from his mother's account. (*See* ECF No. 56 at 3–6.) But the Court made clear in its prior Memorandum that Hughes disputed this characterization, (*see, e.g.*, ECF No. 53 at 2); noted that disputed facts would be viewed in the light most favorable to Hughes, (*id.* at 8–9); and emphasized that its holding did not depend on Defendants' version of events, but instead flowed from Hughes's own, (*id.* at 13–14). Hughes also objects to Defendants' contention that Hughes's averred ailments were not "capable of objective determination." (ECF No. 56 at 6–7 (citing ECF No. 48-1 at 21).) But again, as the Court explained in its Memorandum, Hughes's inability to satisfy the "extreme and outrageous" element made it unnecessary to consider Defendants' two other arguments, including the one about Hughes's injuries. (ECF No. 53 at 9–10.) In other words, this objection does not speak to the sole

issue the Court considered, let alone overcome the shortcoming on the primary element of IIED.

Accordingly, it is ORDERED that:

1. Hughes's Motion for Reconsideration, (ECF No. 56), is DENIED.

2. The Clerk is DIRECTED to CLOSE this case.

3. The Clerk is DIRECTED to mail to Hughes a copy of this Memorandum and Order.

DATED this 21 day of January, 2025.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
United States District Judge